**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERTO CLEMENTE JR., KIMBERLY )
DSCHUHAN, RYAN NORTON, KAILEE )
CLEMENTE, THE ROBERTO )
CLEMENTE JR. FAMILY AGENCY LLC, )
                               )
                  Plaintiffs, )
       v. )
                               )    Case No. 2:22-cv-00056
ALLSTATE INSURANCE COMPANY, )
                               )
                  Defendant. )

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS**
**PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Despite their Response, Plaintiffs are unable to overcome that the fraud claim is time-barred, barred by the "gist of the action" doctrine, and still fails to meet the heightened pleading standard under Rule 9(b).  Plaintiffs' fraud claim should be dismissed with prejudice.

## I.  The Fraud Claim is Untimely Under the Two-Year Statute of Limitations.

Plaintiffs assert that Pennsylvania's discovery rule precludes dismissal of the fraud claim. To "adequately plead facts to invoke the discovery rule," Plaintiffs must "allege that they were not aware, nor should they have been aware, of the facts supporting their claim until a time within the limitations period measured backwards from when the plaintiffs filed their complaint." *In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654, 657 (E.D. Pa. 2013) (cleaned up). Indeed, "a plaintiff cannot plausibly suggest that the discovery rule applies to her claim unless she alleges the date on which she learned of her injury. A complaint that lacks such an allegation offers mere speculation as to the applicability of the discovery rule, and fails to suggest plausibly that benefit of the rule extends to the plaintiff." *Id.* at 658; *see also Cartisser v. W. Allegheny Sch. Dist.*, No. 2:19-cv-1157-NR, 2020 WL 3871081, at *2 (W.D. Pa. July 9, 2020).  The TAC dedicates one paragraph to the discovery rule: "Plaintiffs did not discover until 2022, . . . that Allstate had given away its Book of business before the December 1, 2020 deadline." (TAC ¶ 373). This conclusory allegation that fails to allege awareness of the facts supporting Plaintiffs' claim or the date on which they allegedly learned of an injury is insufficient for the application of the discovery rule.[1]

## II.  The Fraud Claim is Barred by the "Gist of the Action" Doctrine.

The TAC asserts no new or different allegations or duties by Allstate outside of those established by their contractual relationship, so Plaintiffs argue, without legal authority, that "[t]he

---

[1] Similarly, the two TAC paragraphs identified in the Response (¶¶ 110 and 178) are likewise insufficient for the application of the discovery rule.

obligation outside the contractual relationship is to not intentionally misrepresent material facts to steal business." (Resp. at 5). Plaintiffs rely on an easily distinguishable case, *Norfolk S. Ry. Co. v. Pittsburg & W. Va. R.R.*, 870 F.3d 244, 247 (3d Cir. 2017), where the alleged fraudulent conduct (misrepresentations and omissions by one party to a lease of its intentions to restructure itself and invest in alternative energy ventures that induced the other party to consent to a stock issuance) was not related to the parties' performance of the contract. Here, in contrast, Plaintiffs' contract claim is based on the same conduct alleged to support the fraud claim: "Allstate breached its contractual agreements when one of its agents instructed Plaintiffs on a certain insurance technique and then, after Plaintiffs utilized this instruction, used the insurance practice as pretext to terminate the contract"; "Allstate's agreement allowed The Roberto Clemente Jr. Family Agency to 'transfer its entire economic interest in the business written under this Agreement upon termination of this Agreement by selling the economic interest to an approved buyer'"; and "Allstate did not allow Plaintiffs the full amount of time for which the parties contracted to sell the Book." (TAC ¶¶ 318, 313, 320). To accept Plaintiffs' argument that the extra-contractual duty here is "to not intentionally misrepresent material facts" (Resp. at 5) would mean that no fraud claim could be barred by the gist of the action doctrine. However, Pennsylvania courts have held otherwise. Where "the factual allegations . . . allege, at best, nothing more than fraud in the performance of the contract . . . courts have held the alleged fraud is merely collateral to the contract claim for breach of those duties." *Lombardi v. Allstate Ins. Co.*, No. 08-949, 2009 WL 1811540, at *10 (W.D. Pa. June 23, 2009). The "alleged fraudulent conduct and misrepresentation are inextricably intertwined with [their] obligations under the contract and, as such, the fraud" claim is a "duplicate[] of the breach of contract claim" and "barred by the gist of the action doctrine." *Hirtle Callaghan Holdings, Inc. v. Thompson*, No. 18-2322, 2022 WL 2048656, at *6 (E.D. Pa. June 7,

2022). "[T]o determine whether an action is barred by the gist of the action doctrine, we must examine the factual allegations and ask, what's this case really about?" *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016). This case is really about the underlying contract with Allstate.

### III.    The Fraud Claim is Not Pled With the Requisite Particularity.

Contrary to Plaintiffs' assertions, the law in this Circuit is that Plaintiffs must state the circumstances constituting fraud with particularity including the "who, what, when, where and how: the first paragraph of any newspaper story." *In re Chambers Dev. Sec. Litig.*, 848 F. Supp. 602, 616 (W.D. Pa. 1994). Plaintiffs must "describe the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the allegations of fraud." *Lutheran Home for the Aged v. Forest River, Inc.*, No. 1-20-cv-00035-SPB-RAL, 2020 WL 2950025, at *7 (W.D. Pa. May 1, 2020) (cleaned up). Indeed, in previously dismissing Plaintiffs' fraud claim, the Court ruled:

> Absent from Plaintiffs' allegations are any particulars about what made the relevant discount practices improper; indeed, there is next to no detail in the allegations about what the discount practice was, except that it involved undefined "widow" discounts .. .. Without this information about the content of the alleged misrepresentation and further information about when and in what context Allstate . . . made the misrepresentation, Defendants have been deprived of "notice of the precise misconduct with which [they are] charged," in violation of Rule 9(b).… Plaintiffs must do more than reference "certain techniques" Defendants induced them to employ—**Plaintiffs must describe those techniques and why it was a misrepresentation to suggest that Plaintiffs could employ them**.

ECF No. 62, p. 28 (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200-01 (3d Cir. 2007)) (alteration in original) (emphasis added).

While they spill much ink in the Response, Plaintiffs' so-called "new" allegations do nothing to cure these deficiencies. Significantly, *there are no "new" allegations with particularity about any representation by Allstate that was false or misleading*. Just like the SAC, the TAC still includes "next to no detail" about what the specific discounting technique was that Ms. Staudt

3

allegedly spoke to them about or how her alleged statements were a misrepresentation. (*See, e.g.,* TAC ¶¶ 326 ("certain discount techniques"), 345 ("discounting techniques"), 349 ("widow discount, amongst other discounting techniques")). And with respect to Plaintiffs' suggestion that Ms. Staudt may have accessed their computers and created some unspecified discounts, this is rank speculation as there are no factual allegations that Ms. Staudt ever accessed their computers (only that she had access to them) or even if she did, what specifically she did that would support an allegation of fraud. (*See, e.g.,* TAC ¶¶ 365, 370 (alleging what Ms. Staudt "could have" done)).

Tellingly, Plaintiffs merely speculate that there must have been an actionable misrepresentation but then admit that "*Plaintiffs do not know which representation was false*." (Resp. at 12) (emphasis added). "It is not enough under Rule 9(b) to allege that a fraud occurred and then await discovery to flesh out that claim." *Penn E. Fed. Credit Union v. Discover Fin. Servs., Inc.*, No. 3:20-cv-00204, 2020 WL 3963776, at *4 (M.D. Pa. July 13, 2020).[2] Plaintiffs also fail to plead the "who, what, when, where, and how" for any purported misrepresentation, nor could they as they admittedly do not know what representation forms the basis for their purported fraud claim. Plaintiffs' allegations that purportedly represent the "specific statements" are simply not false or misleading statements: "Can I help you in getting business pushed through and physically write some for you?" and "[Ms. Staudt] stated that Plaintiffs should send her those photographs and the policy number it's associated with and she'll submit the WSR." (Resp. at 7) (cleaned up).

As to materiality, Plaintiffs assert that "if Ms. Staudt never acted, Plaintiffs would never have engaged in any transaction that would have resulted in them being targeted for fraud." (*Id.* at

---

[2] Further, the TAC does not allege that Allstate has exclusive control of information required for the fraud claim, and to avoid dismissal the TAC "must delineate at least the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead with particularity." *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992). Plaintiffs fail in this regard.

12). However, that was not alleged in the TAC. The Third Circuit has ruled that "we do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6). *Frederico*, 507 F.3d at 201. Plaintiffs likewise fail to allege intent and initially assert that they "could easily amend." (Resp. at 13). Plaintiffs then assert that the Court can "*infer* Allstate's intent" and that "the only conclusion from these facts – that must be taken as true – is that Allstate intended for Plaintiffs to rely on these techniques." (*Id.*) (emphasis added). Plaintiffs further assert that Ms. Staudt purportedly telling Plaintiffs that certain techniques were approved "clearly demonstrates Ms. Staudt's – and by extension Allstate's intent – to make a statement that she knew was not true," (*id.* at 14), even though there is no such allegation in the TAC. Thus, after admitting that they do not know what the alleged fraud is, Plaintiffs still want the Court to *speculate* that there was fraudulent intent based on assertions not alleged in the TAC. Moreover, the allegations regarding Ms. Staudt in the TAC do not even involve Allstate's intent, as they are directed at a non-party. (*See* TAC ¶ 331.)

With respect to justifiable reliance, Plaintiffs again seek to improperly add new allegations and do not identify which paragraphs of the TAC satisfy this essential element, other than quoting paragraph 99. (Resp. at 14). But there is no allegation of justifiable reliance in paragraph 99 or elsewhere in the TAC, and it is insufficient to now argue that "the mere fact that Ms. Staudt's very job function is to train Plaintiffs on how to conduct sales is sufficient to evidence justifiable reliance." (*Id.*) Finally, as to injury, the allegation for damages in the fraud count oddly concerns "discriminatory and retaliatory acts," not fraud. (*See* TAC ¶ 374). In any event, the TAC does not meet the Rule 9(b) pleading standard for injury.

IV.     **CONCLUSION**

For the foregoing reasons, Allstate respectfully requests that the fraud claim in the TAC—Plaintiffs' *fourth* attempt at alleging such a claim—be dismissed in its entirety and with prejudice.

5

Dated:  March 15, 2023                    Respectfully submitted,


                                          By: /s/ *Alan S. King*

                                          RILEY SAFER HOLMES & CANCILA LLP
                                          Alan S. King (admitted *pro hac vice*)
                                          Noreen H. Cull (admitted *pro hac vice*)
                                          Ariel Schepers Wilson (admitted *pro hac vice*)
                                          70 W. Madison Street, Suite 2900
                                          Chicago, IL 60602
                                          Tele: (312) 471-8745 / Fax: (312) 471-8701

                                          FISHER & PHILLIPS LLP
                                          Brian D. Balonick (PA 89272)
                                          Erica G. Wilson (PA 316343)
                                          Six PPG Place, Suite 830
                                          Pittsburgh, PA 15222
                                          Tele: (412) 822-6633 / Fax: (412) 774-6101

                                          *Counsel for Defendant Allstate Insurance Company*