IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO CLEMENTE JR.; KIMBERLY DSCHUHAN; RYAN NORTON KAILEE CLEMENTE; AND THE ROBERTO CLEMENTE JR. FAMILY AGENCY LLC | CIVIL DIVISION |
| Plaintiffs, | Civil Action No. 22-00056 |
| ALLSTATE INSURANCE COMPANY; | |
| Defendants. | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties**.

For Plaintiffs:
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT**
**LAW FIRM LLC**
3675 Market Street
Philadelphia, PA 19104
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

For Defendant:
Alan S. King
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street
Suite 2900
Chicago, IL 60602
312-471-8744
Fax: 312-471-8701
Email: aking@rshc-law.com

2. **Set forth the general nature of the case**

This is a civil employment and commercial dispute case in which Plaintiffs allege that Defendant subjected them and their business venture to race discrimination, a hostile work environment, and retaliation. Plaintiffs allege that Defendant violated Section 1981 and Title VII with respect to violating federal anti-discrimination statutes.

Plaintiffs have also brought a number of state-law claims, including breach of contract, tortious interference, and fraud.

Defendant denies that Plaintiffs were ever employees of Defendant, denies that it discriminated against, harassed or retaliated against Plaintiffs in any manner, and denies all of Plaintiffs' claims. Defendant asserts that it lawfully terminated Plaintiffs' insurance agency contract in accordance with the terms of the contract and for legitimate, non-discriminatory reasons.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on March 27, 2023, at 4:00 p.m. Andrew Lacy was present on behalf of Plaintiffs, and Alan King was present on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

April 4, 2023

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

On April 20, 2022, Plaintiffs filed their First Amended Complaint, [ECF 29] and on May 20, 2022, Allstate filed a Motion to Dismiss the First Amended Complaint. [ECF 34-35] On June 10, 2022, Plaintiffs filed their Second Amended Complaint, [ECF 36] and on July 11, 2022, Allstate filed its Motion to Dismiss the Second Amended Complaint. [ECF 49-50] On December 28, 2022, this Court granted in part and denied in part Allstate's Motion to Dismiss the Second Amended Complaint. [ECF 62] On January 11, 2023, Plaintiffs filed their Third Amended Complaint, [ECF 64] and on February 15, 2023, Allstate filed its Motion to Partially Dismiss the Third Amended Complaint addressing only Count IV alleging fraud. [ECF 67-68] The Motion to Partially Dismiss the Third Amended Complaint is fully briefed and awaiting the Court's ruling. [ECF 67-68; 72-73]

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish**

>to communicate to the court regarding the ADR designation:

The parties will engage in mediation with Sally Cimini on June 21, 2023.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

N/A

8. **Subjects on which fact discovery may be needed**.

Plaintiff: Discovery will be required regarding the facts surrounding Plaintiffs' employment and/or contractual relationship with Defendant, investigations into Plaintiffs' complaints, Defendant's allegations of fraud, ESI discovery regarding Defendant's decision making process, the termination of Plaintiffs' contract with Defendant, comparator discovery, and the nature and extent of Plaintiffs' damages. Plaintiffs may also seek other information during discovery.

Defendant: Discovery will be required on numerous subjects including Plaintiffs' contractual relationship with Defendant, Plaintiffs' business activities under the contract with Defendant, Plaintiffs' actions that led to Defendant's termination of the contract with Plaintiffs, Plaintiffs' allegations of race discrimination, and the nature and extent of damages allegedly suffered by Plaintiffs. Defendant may also seek other information during discovery.

9. **Set forth suggested dates for the following**

   >a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   4/25/2023

   >b. **Date by which any additional parties shall be joined:** 5/25/2023

   >c. **Date by which the pleadings shall be amended:** 5/25/2023

   >d. **Date by which fact discovery should be completed:** 11/30/2023

   >e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

N/A

**f. Date by which plaintiff's expert reports should be filed:** To be determined at Post-Discovery Conference.

**g. Date by which depositions of plaintiff's expert(s) should be completed:** To be determined at Post-Discovery Conference.

**h. Date by which defendant's expert reports should be filed:** To be determined at Post-Discovery Conference.

**i. Date by which depositions of defendant's expert(s) should be completed:** To be determined at Post-Discovery Conference.

**j. Date by which third party expert's reports should be filed:** To be determined at Post-Discovery Conference.

**k. Date by which depositions of third party's expert(s) should be completed:** To be determined at Post-Discovery Conference.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** N/A

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a. **ESI.** Is either party seeking the discovery of ESI in this case?
       X Yes  ☐ No

    b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

       X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

       The parties have agreed to meet and confer regarding ESI discovery soon after discovery requests are served in this case. The parties anticipate that they will be able to informally work out the scope of ESI in this case.

       ☐ Have developed an ESI discovery plan (as attached).
       ☐ Will have an ESI discovery plan completed by the deadline for

      initial disclosures.

   c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
      ☐ Yes  X No

   d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case? X Yes ☐ No  Yes as to limited ESI.

   e. **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and [LCvR 16.1.D](#), Procedures Following Inadvertent Disclosure, and:

      X     Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "[Appendix LCvR 16.1.D](#)" to the Local Rules and filed with this Report.
      ☐     Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
      ☐     Are unable to agree on appropriate non-waiver language.

   f. **EDSM and E-Mediator**. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at [http://www.pawd.uscourts.gov](http://www.pawd.uscourts.gov).
      ☐ Yes  X No

   g. **Other**.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

      a. Settlement and/or transfer to an ADR procedure;

      b. Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

      c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

      d. Dates by which parties' pre-trial statements should be filed;

      e. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

      f. Dates on which motions *in limine* and *Daubert* motions shall be heard; g. Dates proposed for final pre-trial conference;

      h. Presumptive and final trial dates.

**13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

N/A. The parties plan to submit to the Court a confidentiality order regarding the use and disclosure of certain confidential information in the case.

**14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

N/A

**15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

N/A

**16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

Although a formal demand has not been sent, Plaintiffs have informally broached the topic of settlement with Defendant. The parties remain open to further communications regarding settlement.

Respectfully submitted,

For Plaintiff:

*/s/ Andrew Lacy, Jr. Esq.*
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
3675 Market Street
Philadelphia, PA 19104
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

For Defendant:

*/s/ Alan King, Esq.*
Alan King, Esq.
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street
Suite 2900
Chicago, IL 60602
312-471-8744
Fax: 312-471-8701
Email: aking@rshc-law.com