IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO CLEMENTE, JR., KIMBERLY DSCHUHAN, RYAN NORTON, KAILEE CLEMENTE, THE ROBERTO CLEMENTE JR. FAMILY AGENCY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | 2:22-CV-00056-CCW |

## <u>OPINION AND ORDER</u>

Before the Court is Defendant Allstate Insurance Company's Motion to Partially Dismiss the Third Amended Complaint filed by Plaintiffs the Roberto Clemente Jr. Family Agency, LLC (the "Clemente Agency"), Roberto Clemente Jr., Kimberly Dschuhan, Ryan Norton, and Kailee Clemente.  ECF No. 67.  In its Motion, Allstate moves to dismiss only Plaintiffs' fraud claim in Count IV.[1]  For the reasons that follow, the Court will **DENY** the Motion.

## I.      Background

In a prior order, the Court granted in part and denied in part Allstate's motion to dismiss Plaintiffs' second amended complaint, resulting in the dismissal of Plaintiffs' fraud claim, among others.  ECF No. 63.  In the same order, the Court granted a separate motion to dismiss filed by the Tomaino Insurance Agency and its owner, John Tomaino (collectively, the "Tomaino Agency"), whom Plaintiffs had named as defendants in the second amended complaint.  *Id.*  The Court granted Plaintiffs leave to amend, *id.*, and Plaintiffs filed a Third Amended Complaint that

---

[1] The Court has jurisdiction over Counts I and II, which raise federal questions, under 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Counts III–VII under 28 U.S.C. § 1367.

supplemented certain factual allegations but dropped Plaintiffs' claims against the Tomaino Agency, ECF No. 64.  Because Allstate's new Motion targets only Plaintiffs' fraud claim, the Court will set forth a background specific to that claim only, taking Plaintiffs' allegations as true for the purpose of ruling on Allstate's Motion.

On June 1, 2018, Allstate and the Clemente Agency entered into an Exclusive Agency Agreement (the "EAA").  *See generally* ECF No. 64-3.  Pursuant to the EAA, Allstate authorized the Clemente Agency to sell its insurance products to cover risks located in Pennsylvania, and the Clemente Agency agreed not to sell any other insurer's products.  *See generally id.*  Valerie Staudt, an Allstate employee, served as the Clemente Agency's "Agency Process Specialist."  ECF No. 64 ¶ 30.  In that role, Ms. Staudt effectively served as the Clemente Agency's supervisor and "was tasked with assisting [the Clemente Agency] with the implementation of consistent business processes."  *Id.* ¶ 31.

Plaintiffs allege that they faced a slew of issues during their relationship with Allstate.  One such issue occurred in August 2019, when the Tomaino Agency allegedly "stole[]" one of the Clemente Agency's customers.  *Id.* ¶ 80.  After looking into the stolen customer issue, Ms. Staudt relayed the Tomaino Agency's criticism of how Plaintiffs quoted insurance.  *Id.* ¶¶ 85, 87.  Ms. Staudt then agreed to teach the Tomaino Agency's discounting techniques to Plaintiffs.  *Id.* ¶ 90. True to her word, Ms. Staudt taught Plaintiffs how to apply "widow discount[s]," "retirement vs. employed discount[s]," and "business use vs. pleasure discount[s]."  *Id.* ¶¶ 349–50.  At or around the same time, in the summer of 2019, Ms. Staudt represented "that all of these discounts were strictly in accordance with the way that Allstate quotes insurance and complied with all insurance department regulations."  *Id.* ¶ 351.

Despite Ms. Staudt's reassurance, Plaintiffs received a call on July 28, 2020 from an Allstate fraud investigator, who questioned them about the Clemente Agency's "practice of applying a widow discount to certain policies." *Id.* ¶ 110.  The next month, on August 21, 2020, Allstate representatives phoned Plaintiffs to tell them that Allstate was terminating the EAA, effective immediately, because Plaintiffs had committed fraud.  *Id.* ¶ 112–14.  Allstate did not provide further detail about the alleged fraud, but Plaintiffs presume that it concerned the widow discounting practices that Ms. Staudt taught them.  *Id.* ¶ 362.

Based on these allegations, Plaintiffs claim that *Allstate* committed fraud.  Specifically, they claim that Allstate, acting through Ms. Staudt, taught them discounting practices that would trigger an investigation into the Clemente Agency and give Allstate a pretextual reason to terminate their business relationship and give away the Clemente Agency's book of business to other agencies that Allstate preferred.  *Id.* ¶¶ 362–69, 372, 374.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

## III.   Discussion

In its Motion, Allstate presents three arguments for dismissal of Plaintiffs' fraud claim. First, it asserts that Plaintiffs have failed to meet the heightened pleading standard for fraud found in Federal Rule of Civil Procedure 9(b). Second, Allstate contends that Plaintiffs' claim is untimely under the applicable two-year statute of limitations. Third, Allstate argues that Plaintiffs' fraud claim is barred by Pennsylvania's gist of the action doctrine. Finding that none of these arguments warrant dismissal, the Court will deny Allstate's Motion.

### A.     Plaintiffs' New Allegations Satisfy Rule 9(b)

Under Pennsylvania law, applicable here, the six elements of fraud are:   (1) a misrepresentation;  (2) materiality;  (3)  knowledge of or recklessness as to falsity;  (4) intent to induce reliance;  (5) actual, justifiable reliance;  and (6) resulting injury.  *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy this Rule, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).  Further, the plaintiff must allege "the general content of the misrepresentation."  *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 102 (3d Cir. 2017) (internal quotation marks omitted).

Beginning with the first two elements—together, a material misrepresentation—Plaintiffs must allege (a) an untrue statement of "existing facts" that (b) triggered the underlying transaction (here, Allstate's termination of its relationship with the Clemente Agency).  *Nissenbaum v. Farley*, 110 A.2d 230, 265 (Pa. 1955);  *De Joseph v. Zambelli*, 139 A.2d 644, 647 (Pa. 1958).  They have done so.  In their Third Amended Complaint, Plaintiffs clarify that the factual premise for their fraud claim is Ms. Staudt's alleged misrepresentation that the discounting techniques she taught Plaintiffs "were strictly in accordance with the way that Allstate quotes insurance and complied with all insurance department regulations."  *Id.* ¶ 351.[2]  This allegation—absent from Plaintiffs'

---

[2] This is a departure from—or at least a clarification of—the allegations in the second amended complaint where Plaintiffs' fraud claim appeared to focus on alleged misrepresentations about how to implement those techniques—i.e., on an allegation that Ms. Staudt taught Plaintiffs to implement the techniques incorrectly.  *See* ECF No. 62 at 28.  Based on that understanding, the Court dismissed Plaintiffs' fraud claim because they had failed to allege "any particulars about what made the relevant discount practices improper;  indeed, there [was] next to no detail in the allegations about what the discount practice was, except that it involved undefined 'widow' discounts."  *Id.*  Given Plaintiffs' reframing of the fraud claim, the Court rejects Allstate's argument that the Court should dismiss Plaintiffs' fraud claim because they have failed to plead further particularity regarding the discounting techniques at issue.  Although Allstate is correct that there is still limited detail regarding the nature of those techniques in the Third

earlier, second amended complaint—provides the "general character of the misrepresentation." Plaintiffs have substantiated the allegation by alleging that it occurred in Summer 2019, as part of Ms. Staudt's broader response to Plaintiffs' complaint that the Tomaino Agency stole one of Plaintiffs' clients, and around that same time she taught Plaintiffs the techniques.  Based on the allegation that Allstate terminated the EAA based on Plaintiffs' use of the widow discount that Ms. Staudt assured them complied with Allstate's practices, Plaintiffs have sufficiently alleged that the alleged misrepresentation was material and untrue when made.

Plaintiffs have also sufficiently alleged the remaining fraud elements.  The Court can reasonably infer intent to induce reliance because Ms. Staudt allegedly misrepresented that the discounting techniques "strictly" complied with Allstate practice and insurance regulations at or around the same time she taught Plaintiffs the techniques.  Next, given Ms. Staudt's position as Plaintiffs' de facto supervisor, Plaintiffs have sufficiently alleged that their reliance—their implementation of the techniques based on Ms. Staudt's representation—was justifiable.  *See Michael v. Shiley, Inc.*, 46 F.3d 1316, 1335 (3d Cir. 1995) (a party may justifiably rely on statements made by one with superior knowledge), *overruled on other grounds in Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996).  Similarly, Ms. Staudt's job was to ensure agencies implemented "consistent business processes," such that it can be inferred that she would know whether discounting techniques complied with Allstate practices, and by extension that she knew her representation that the techniques she taught Plaintiffs were compliant was false when made.  *Id.* ¶ 31.  Finally, Plaintiffs have sufficiently pleaded damages by alleging that they in fact implemented the discounting techniques, which led to Allstate terminating the EAA.  Accordingly, Plaintiffs have sufficiently alleged a Pennsylvania fraud claim under Rule 9(b).

---

Amended Complaint, the Court concludes that does not warrant dismissal because the key question *now* is whether Plaintiffs have sufficiently alleged fraud based on a different misrepresentation.

**B.      Plaintiffs Have Plausibly Alleged that Their Claim Is Timely**

In Pennsylvania, fraud has a two-year statute of limitations, which begins to run "at the time 'the right to institute and maintain the suit arises.'"  *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 143–44 (3d Cir. 1997) (quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).  However, equitable tolling "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause."  *Id.* (citing *Urland v. Merrell-Dow Pharms.*, 822 F.2d 1268, 1271 (3d Cir. 1987)).  If "the underlying events are based on fraud or deceit . . . . then that, without more, will toll the statute of limitations until such time as the fraud has been revealed or should have been revealed by the exercise of due diligence by plaintiffs."  *Id.* at 146 (internal quotation marks omitted).

Here, Allstate argues that Plaintiffs' fraud claim is untimely.  The Court disagrees.  Plaintiffs assert that the statute of limitations should be tolled until 2022, when they allegedly became aware that "Allstate gave away its customers" after terminating the EAA, ECF No. 72 at 3, but the Court need not decide whether tolling extends that far.  According to their factual allegations, Plaintiffs were unaware that there were issues with Ms. Staudt's discounting techniques until, at the earliest, July of 2020, when Allstate's fraud investigator first contacted Plaintiffs.  It is thus plausible that the statute of limitations should be tolled until July 2020, such that Plaintiffs' January 10, 2022 complaint was timely filed. *See* ECF No. 1.

**C.      The Gist of the Action Doctrine Does Not Compel Dismissal**

Pennsylvania's gist of the action doctrine precludes a tort claim that "is, in actuality, a claim against the party for breach of its contractual obligations."  *Earl v. NVR, Inc.*, 990 F.3d 310, 314–15 (3d Cir. 2021) (citing *Bruno v. Erie Ins.*, 106 A.3d 48, 65 (Pa. 2014)).  In *Bruno*, the

Pennsylvania Supreme Court's most recent pronouncement on the doctrine, the court explained that "the critical determinative factor" in whether the doctrine applies is "the nature of the duty alleged to have been breached." 106 A.3d at 68. Thus,

> [i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id.* (internal citation omitted). Notably, the mere existence of a contract between the parties does not trigger the doctrine, nor does the fact that a plaintiff is alleging a tort that occurred in the performance of the contract. *Id.* at 69–70.

Here, the application of *Bruno* is straightforward and favors Plaintiffs. Plaintiffs allege that Allstate breached its duty not to defraud another. The social duty not to defraud exists independent of the EAA or any other contract between the parties. *See, e.g.*, *J.J. DeLuca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 414 (Pa. Super. 2012). Thus, under *Bruno*—which Allstate does not discuss—the gist of the action doctrine does not preclude Plaintiffs' fraud claim despite the fact that Ms. Staudt's alleged misrepresentation may have been made in the course of performing Allstate's contractual duties.

Allstate's argument to the contrary relies on a line of pre-*Bruno* cases that stand for the proposition that the gist of the action doctrine bars fraud claims that are "inextricably intertwined" with an underlying contract claim. ECF No. 73 at 2 (quoting *Hirtle Callaghan Holdings, Inc. v. Thompson*, No. 18-2322, 2022 WL 2048656, at *6 (E.D. Pa. June 7, 2022)); ECF No. 68 at 8–9. The key case in that line is *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10 (Pa. Super. 2002). Notably, however, the continuing validity of *eToll* and its progeny is questionable post-*Bruno*. Indeed, the Third Circuit has suggested (albeit in an unpublished decision) that *Bruno* tacitly

rejected *eToll*, at least to the extent that it held that the gist of the action doctrine bars fraud claims that are "inextricably intertwined" with a contract or "concern the performance of contractual duties." *Dommel Props. LLC v. Jonestown Bank & Tr. Co.*, 626 F. App'x 361, 365–66 (3d Cir. 2015) (quoting *eToll*, 811 A.2d at 19, 21); *see also Dommel Props., LLC v. Jonestown Bank*, 162 F. Supp. 3d 438, 445 (M.D. Pa. 2016) (holding, on remand, that *Bruno* provides the relevant standard for Pennsylvania's gist of the action doctrine and effectively overruled *eToll* to the extent that it is inconsistent). Nevertheless, courts within this circuit have continued to rely on the *eToll* framework in applying the gist of the action doctrine, raising the question as to whether and to what extent *eToll* remains good law. *See, e.g.*, *Clark v. Applied Cardiac Sys. Inc*., No. 21cv1123, 2022 WL 798370, *2 (W.D. Pa. Mar. 16, 2022) (Schwab, J.).

The Court need not resolve this issue, however, because it is plausible that Plaintiffs' fraud claim is not "inextricably intertwined" with its breach of contract claim. As the Third Circuit has acknowledged, the gist of the action doctrine "frequently requires courts to engage in a factually intensive inquiry as to the nature of a plaintiff's claims." *Addie v. Kjaer*, 737 F.3d 854, 868 (3d Cir. 2013). Thus, even courts applying *eToll* are generally reluctant to invoke the gist of the action doctrine at the pleading stage. *See Brackenridge Constr. Co. v. Doerflein*, No. 2:20cv305, 2020 WL 13336748, at *4 (W.D. Pa. Dec. 4, 2020) (Cercone, J.) (collecting cases). The Court concludes that approach is appropriate here. Even assuming *eToll* remains good law, the precise relationship between Ms. Staudt's alleged misconduct and the performance called for in the relevant contracts is unclear. The better course, therefore, is to allow the claim to proceed to discovery. *See Brackenridge*, 2020 WL 13336748, at *4.[3]

---

[3] Because the Court holds that Plaintiffs have pleaded a plausible fraud claim based on Ms. Staudt's alleged misrepresentation regarding whether the discounting techniques she taught Plaintiffs complied with Allstate practices and insurance department regulations, the Court need not address Plaintiffs' alternative theory that Ms. Staudt, who

**IV.      Conclusion**

For the foregoing reasons, it is **HEREBY ORDERED** that Allstate's Motion to Partially

Dismiss, ECF No. 67, is **DENIED**.

DATED this 13th day of April, 2023.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

allegedly had access to Plaintiffs' computer systems, could have "submitted a policy that gave Allstate fodder to target Plaintiffs [for fraud]."  ECF No. 64 ¶ 365.